UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
                                                                   )

QARWASH MOHSN AWAD,     )
                                                                   )
Plaintiff,     )
                                                                   )    CIVIL ACTION
V.     )    Case No. 15-6146
                                                                   )
*John Kerry,* U.S. Department of State;     )
*Patrick F. Kennedy*, Under Secretary for Management     )
*Michele Thoren Bond*, Assistant Secretary of State     )
for Consular Affairs     )
*Florence Fultz,* Managing Director Passport Services     )
Directorate     )
                                                                   )
Defendants.     )
_____)

**COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS,
DECLARATORY AND INJUNCTIVE RELIEF**

NOW comes the Plaintiff, QARWASH MOHSN AWAD, by and through his attorney June J. Htun, in the above-captioned matter, and hereby states as follows:

**I.    INTRODUCTION**

U.S. Department of State attempting to circumvent the procedures and safeguards that normally must be respected in order to reach a result tantamount to the denaturalization and expatriation of a U.S. citizen.

Since the September 11, 2001, attacks, federal and local law enforcement agencies have engaged in aggressive counterterrorism, intelligence gathering, and demographic mapping practices. Authorities have also improperly employed various immigration related mechanisms to exert pressure on community members. The Yemeni

1

constitute yet another dimension of that larger pattern, simultaneously furthering the marginalization of targeted communities while evading accountability and redress mechanisms. The defendants have a widespread pattern of passport revocation targeting Yemeni-Americans from all over the country at the U.S. embassy.

Almost 10,160,000 Yemenis were deprived of water, food, and electricity as a result of an ongoing civil war. Some 100,000 people across the country were dislocated. It has been reported that more than 10 million Yemenis did not have enough food to eat, in addition to 850,000 half-starved children. Over 13 million civilians were without access to clean water[1]. Plaintiff, a United States citizen, is being denied his due process rights in the revocation of his passport. The denial of Plaintiff's passport directly undermines his ability to save his family from the dire situation in Yemen.

## II. PARTIES

1. Plaintiff, *Qarwash Mohsn Awad*, resides at 2600 W. 51ST Street, Chicago, IL 60632. United States Department of Homeland Security resident alien number A 047-648-083. *See, Plaintiff's United States of America Certificate of Citizenship, attached hereto as Exhibit A.*

2. Defendant *John Kerry* is the duly appointed and confirmed Secretary of State of the United States.

3. Defendant, *Patrick F. Kennedy*, is Under Secretary for Management, the Department official responsible for implementing the President's Management Agenda; the Bureau of Consular Affairs reports directly to him.

---

[1] MARIA ABI-HABIB <u>Humanitarian Crisis Deepens in Embattled Yemen City</u>. The Wall Street Journal. (April 8, 2015).

4. Defendant *Michele Thoren Bond*, Assistant Secretary of State for Consular Affairs. The Bureau of Consular Affairs formulates and implements policy relating to immigration and consular services and ensures responsive and efficient provision of consular services overseas.

5. Defendant *Florence Fultz,* Managing Director Passport Services Directorate.

6. All Defendants are sued in their official capacities.

## II.    JURISDICTION

7. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1651 (Writs), as a civil action arising under the Constitution and laws of the United States; 5 U.S.C. § 701 et seq., as an action to compel agency action unlawfully withheld or unreasonably delayed; and 28 U.S.C. § 1361, as an action to compel officers or employees of the United States to perform a duty owed to Plaintiffs. 8 U.S. Code § 1503 9rights and privileges as national). Declaratory judgment is sought pursuant to 28 U.S.C.2201-02.

## III.    VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (e)(1), (2), (4) because Defendants are head officers of U.S agencies and a Port Director of a subdivision of a U.S. agency; Defendants have a residence in this district; because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in the jurisdiction of this district; because the Plaintiff reside in this district; and because no real property is involved.

## IV.    LEGAL BACKGROUND AND GENERAL ALLEGATIONS

3

### A. U.S. PASSPORT AUTHORITY

9. Only the Secretary of State or his designee is authorized to grant, issue and verify U.S. passports. 22 U.S.C. § 211a.

10. The regulations governing the granting, issuing and verifying passports are located at 22 § C.F.R. Part 51.

11. The regulations at 22 C.F.R. Part 51, Subparts C, D and E, govern the adjudication of passport applications.

12. The Secretary of State may revoke a passport in accordance with 8 U.S.C. § 1504 (passport illegally, fraudulent or erroneously obtained); 42 U.S.C. § 652(k) (non-payment of child support); 22 U.S.C. § 2714 (certain drug traffickers); 22 U.S.C. § 2671(d)(3) (default on repatriation loan); and 22 U.S.C. § 212a (persons convicted of sex tourism). The regulations at 22 C.F.R. Parts E and F govern the revocation of passports.

### V. LACK OF ADEQUATE PROCEDURES WHEN PASSPORT DENIED OR REVOKED BASED ON FRAUD RELATING TO PLAINTIFF'S IDENTITY

13. Under 22 C.F.R. § 51.62(a)(2), The Department of State may revoke a U.S. passport on the grounds that The Department of State has "determined" that the holder used a false identify to obtain his passport thus making a false statement of material fact, although neither the standard of proof, nor on whom the burden rests, is specified therein. In such cases, the prior passport holder is not entitled to any due process protections. 22 C.F.R. § 51.71.

14. The hearing officer is not an Administrative Law Judge, but an employee of the Department of State. There are no publicized hearing procedures, and The

Department of State refuses to allow pre-hearing conferences to be recorded. There is no body of applicable law, or redacted decisions from other cases. There is no procedure by which legal questions, (e.g., the standard and burden of proof), can be raised and resolved, or proposed evidence can be challenged, prior to the hearing. If the applicant is within the United States, all hearings are conducted in Washington, D.C., completely at the expense of the citizenship claimant. There is no assurance that witnesses residing abroad can be paroled in to testify, and if they chose to testify by tele-video, they must pay all costs. There is no assurance that adverse witnesses will be required to testify in person, or even be subjected to cross-examination. If the applicant is outside the United States, the hearing may be conducted at a U.S. embassy or consulate abroad. The lack of any Due Process safeguards reduces such a hearing, where available, to an extremely expensive sham.

### VI. ILLEGAL POLICY AGAINST YEMENI AMEERICANS

15. The Department of State has engaged in a policy, pattern, and practice of categorically applying heightened scrutiny to passport applicants who are born in Yemen.

16. Yemeni-Americans whose passports have been seized on suspicion of fraud have been required to wait up to two years while the embassy clears up its suspicions.

17. Consular officials use often vague accusations of fraud as excuses to illegally seize Yemeni-Americans' passports.

18. The Department of State impermissibly and unlawfully applies a heightened burden of proof to Yemeni passport applications, subjecting the applicants to

19. burdensome, unreasonable, and excessive demands for documentation that go far beyond what other applicants are required to submit.

19. Even after applicants respond to the unreasonable demands for additional information, the Department of State, without a proper individualized, evidence-based adjudication of the merits of each application, arbitrarily denies their applications based on unverified fabricated evidence and refuses to issue them passports.

20. The U.S. State Department's practices above circumvent the procedures and safeguards that normally must be respected in order to reach a result tantamount to the denaturalization and expatriation of a U.S. citizen.

21. The U.S. State Department's practices above amounts to constructive denaturalization of Yemeni Americans causing them emotional and familial harms.

## VII.  FACTS

### A.  THE AWAD FAMILY

22. Plaintiff was born in Yemen on October 25, 1984; his parents named him Qarwash Mohsn Saleh Awad. Plaintiff was naturalized as a United States citizen in Chicago, Illinois, on February 27, 2001. *See,* Certificate of Citizenship for Qarwash Moshen Saleh Awad, attached hereto as Exhibit A.

23. Plaintiff's wife, Gamilah Abdullah Saleh Haidarah, is a native and citizen of Yemen.

24. Plaintiff has three children, all of whom are also natives and citizens of Yemen.

25. Plaintiff's father, Mohsn Saleh Awad, was born in Yemen and also a United States citizen.

26. Plaintiff's mother, Fatma Omar Saleh Al Hulaki, was born in Yemen and is a native and citizen of Yemen.

27. Plaintiff's sister, Zuhor Mohsn Saleh Awad, was also born in Yemen and is a native and citizen of Yemen.

28. On May 27, 2011, Plaintiff properly and lawfully re-applied for a United States passport using his given name, Qarwash Mohsn Saleh Awad. Plaintiff was issued a Passport Card Number C04893557 and a United States Passport Number 483026587 on May 31, 2011. [2]

### B. THE CONSULATE AND THE PASSPORT

29. On September 8, 2012, Plaintiff's sister was held, by the defendants, or their agents, at the United States Embassy in Sana'a, Yemen for nine hours under interrogation. She was very distraught to the point of tears.

30. The defendants, through or by their agents, at the United States Embassy, interrogated Plaintiff's sister to the point of duress under the threat denying her visa application to the United States, forcing her to falsely state that her father's name is Attaf.

31. The defendants, through or by their agents, at the United States Embassy, interrogated Plaintiff's sister to the point of duress under the threat denying her visa application to the United States, forcing her to falsely state that Plaintiff's name is Qarwash Attaf Saleh Kurwash.

---

[2] Plaintiff previously applied for and was issued a United States Passport on February 7, 2002. This previous passport expired on February 6, 2012.

7

32. The defendants, through or by their agents, at the United States Embassy, interrogated Plaintiff's sister to the point of duress under the threat denying her visa application to the United States, promised to free Plaintiff's sister from interrogation and issue her a VISA in return for her false statements against Plaintiff.

33. The defendants created false reports based on false statements as a result of coercion and threat to Plaintiff's sister.

34. The defendants fabricated inculpatory evidence in violation of Plaintiff's right to due process.

35. On May 11, 2013, the defendants used said fabricated inculpatory evidence to revoke Plaintiff's Passport pursuant to 22 CFR 51.62 for making a false statement of material fact in violation of Plaintiff's right to due process.

36. That due to the ongoing war in Yemen, the Embassy of the United States in Sana'a, Yemen has been shut down and visa applicants are forced to try and escape the war torn country to continue processing their visa applications.

37. Plaintiff is presently unable to travel to Egypt to process his wife and children's immigration petitions and visa applications because the defendants have revoked his passport.

### VIII. THE CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Violation of Fifth Amendment (Due Process Clause), Fourteenth Amendment (Citizenship Clause); 5 U.S.C. §§ 702, 706 (APA Claims); 28 U.S.C. § 2201 (Declaratory and Corresponding Injunctive Relief); 28 U.S.C. § 1361 (Mandamus Act)*

38. Plaintiff incorporates by reference the allegations of the foregoing paragraphs.

39. As alleged above, Defendant Secretary of State improperly applies the "preponderance of evidence" standard, both in adjudicating U.S. passport applications and in determining whether to revoke previously issued U.S. passports. Such action deprives Plaintiffs of the full enjoyment of the rights and privileges of U.S. citizenship to which they are entitled.

40. As alleged above, Defendant Secretary of State improperly applies the "anti-Yemeni" standard, both in adjudicating U.S. passport applications and in determining whether to revoke previously issued U.S. passports. Such action deprives Plaintiffs of the full enjoyment of the rights and privileges of U.S. citizenship to which they are entitled

41. Defendant Kerry's actions violate Plaintiffs' rights under the Fifth and Fourteenth Amendments, the Administrative Procedures Act, the Mandamus Act, and entitle Plaintiffs to relief under the Declaratory Judgment Act.

**SECOND CAUSE OF ACTION**
**Inadequate pre-revocation process for Yemeni-Americans' Passports Revoked Under 22 C.F.R. § 51.62(a)(2)**
*Violation of Fifth Amendment (Due Process Clause)*

42. Plaintiff incorporates by reference the allegations of the foregoing paragraphs.

43. Plaintiff complains about the unconstitutionality in the procedures applied when Defendants deny U.S. passports or revoke previously issued U.S. passports.

44. Plaintiff is not afforded adequate notice and a meaningful opportunity to contest Defendants' determinations because, among other things, the hearing officer at the Embassy is not an impartial adjudicator, there is no right to discovery, there are no publicized procedures, no body of applicable law, no right to subpoena

critical witnesses, and no contemporaneous record of the hearing for appellate review.

45. Plaintiff is not afforded the right to confront witnesses against him.

46. Such actions violate Plaintiffs' right under the Fifth Amendment.

### THIRD CAUSE OF ACTION
### Unequal Treatment and Revocation of Yemeni Passports Holders
*Violation of Equal Protection under the Fifth Amendment*

47. Plaintiff incorporates by reference the allegations of the foregoing paragraphs.

48. Plaintiff complains that Defendants wrongfully revoke U.S. passports of U.S. citizens of Yemeni origins in contrast, to fair processes afforded to similarly situated U.S. passports holders of non-Yemeni U.S. citizens.

49. Such action violates Equal Protection rights of Plaintiff as applied through the Due Process Clause of the Fifth Amendment.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1) Assume jurisdiction over the instant action;

2) Mandate Reinstatement of Plaintiff's Passport;

3) Declare that the actions, practices and determinations challenged herein violate federal law, including but not limited to, the Constitution, Immigration and Nationality Act, and the Administrative Procedures Act, and issue an appropriate order for injunctive and declaratory relief to remedy these violations and prevent future violations.

4) Issue an award of attorneys' fees, and such other and further relief as the Court may deem just

Filed: 07/14/2015

                                              Respectfully Submitted,

                                              <u>/S/June J. Htun</u>
                                              June J. Htun, Esquire
                                              Attorney for Petitioner,
                                              3236 North Elston Avenue, Suite G
                                              Chicago, Illinois 60618
                                              P: 773-362-5000
                                              F: 773-362-5005
                                              jjhtun@gmail.com