UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QARWASH MOHSN AWAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.: 1:15-cv-06146 |
| | ) |
| John Kerry, *et al*., | ) Honorable Gary Feinerman |
| | ) |
| Defendants. | ) |

# INITIAL STATUS REPORT

## A. Nature of the Case

1. Attorneys of record, and lead trial counsel, for each party.

    **Plaintiff's attorneys of record and lead trial counsel: June J. Htun**

    **Defendants' attorney of record and lead trial counsel: Stacey I. Young**

2. Basis for federal jurisdiction.

    **Plaintiff claims that jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1651 (All Writs), as a civil action arising under the Constitution and laws of the United States; 5 U.S.C. § 701 *et seq*., as an action to compel agency action unlawfully withheld or unreasonably delayed; and 28 U.S.C. § 1361, as an action to compel officers or employees of the United States to perform a duty owed to Plaintiff. Plaintiff also alleges jurisdiction under 8 U.S.C. § 1503 and 28 U.S.C. §§ 2201-02.**

    **Defendants maintain that the only appropriate basis for jurisdiction would be under the Administrative Procedure Act.**

1

3. Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.

> **Plaintiff seeks the reinstatement of his United States passport, a declaration that Defendants' actions in revoking his passport violate federal law and the United States Constitution, and an order for injunctive and declaratory relief to remedy Defendants' alleged violations. Plaintiff also seeks an award of attorneys' fees, and such other and further relief as the Court may deem just.**

> Defendants do not anticipate filing any counterclaims.

4. Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.

> **Defendants will argue against most of Plaintiff's asserted jurisdictional grounds in a partial motion to dismiss.**

5. Principal legal and factual issues.

> **Plaintiff was born in Yemen and is a naturalized United States citizen. On May 11, 2013, Defendants revoked Plaintiff's Passport pursuant to 22 C.F.R. § 51.62 for, as they allege, making a false statement of material fact. Plaintiff alleges that as a result, he is unable to travel anywhere outside of the United States and legally be admitted upon a return into the United States as he is entitled to as a United States Citizen. Plaintiff is challenging Defendants' revocation of his passport, the Department's revocation and hearing process, allegedly denying Plaintiff's passport application, policies against Yemeni Americans, and alleges due process and equal protection violations under the Fifth and Fourteenth Amendments.**

6. Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.

> **All Defendants have been served with process.**

## B. Proceedings to Date

1. Summary of all substantive rulings (including discovery rulings) to date.

> **None as of date.**

2. Description of all pending motions, including date of filing and briefing schedule.

**None as of date.**

C. <u>**Discovery and Case Plan**</u>

1. Summary of discovery, formal and informal, that has already occurred.

**None.**

2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

**The parties do not anticipate that discovery will encompass electronically stored information.**

3. Proposed scheduling order. **Defendants do not believe that discovery is appropriate because this case is only proper under the Administrative Procedure Act. However, for purposes of this status report, the parties will agree to the following dates:**

a. Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate. **October 23, 2015.**

b. Deadline for issuing written discovery requests. **November 20, 2015.**

c. Deadline for completing fact discovery. **January 15, 2016.**

d. Whether discovery should proceed in phases. **No.**

e. Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions. **No.**

f. Deadline for amending the pleadings and bringing in other parties. **November 20, 2015.**

g. Deadline for filing dispositive motions. **February 12, 2016**

4. Whether there has been a jury demand. **No**

5. Estimated length of trial. **1-2 days**

D. <u>Settlement</u>

1. Describe settlement discussions to date and whether those discussions remain ongoing. **None at this time.**

2. Whether the parties request a settlement conference. **Not at this time.**

E. <u>Magistrate Judge</u>

1. Whether the parties consent to proceed before a magistrate judge for all purposes. **The parties respectfully do not consent.**

2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings. **None at this time.**

//

//

//

//

//

//

//

//

//

//

//

//

Filed: September 17, 2015

Respectfully Submitted,

/s/ June J. Htun
June J. Htun, Esquire
Attorney for Petitioner,
3236 North Elston Avenue, Suite G
Chicago, Illinois 60618
P: 773-362-5000
F: 773-362-5005
jjhtun@gmail.com

*Attorney for Plaintiff*


*s/ Stacey I. Young*
STACEY I. YOUNG
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 2004
Phone: (202) 305-7171
Facsimile: (202) 305-7000
Email: stacey.young@usdoj.gov


*Attorney for Defendants*