IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

QARWASH MOHSN AWAD,

    Plaintiff,

vs.                                    Civil No. 15-cv-06146

JOHN F. KERRY, Secretary of the
United States Department of State, *et al.*,

    Defendants.

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants provide the following responses to Plaintiff's averments in his amended complaint:

## I. INTRODUCTION

1. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 1. To the extent an answer is deemed necessary, Defendants deny.

2. Defendants lack sufficient knowledge to admit or deny the allegations set forth in the first two sentences of paragraph 2. Defendants deny that Plaintiff was notified by the United States Department of State of his passport revocation via "regular" U.S. mail, but admit that Plaintiff was sent a letter, dated May 11, 2015 and postmarked May 15, 2015, to his last known address on record, advising him of his passport revocation and ordering that he return his passport to the U.S. Department of State.

3. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 3. To the extent an answer is deemed necessary, Defendants deny.

4. Paragraph 4 contains a characterization of the lawsuit to which no response is required; to the extent that a response is required, Defendants deny.

## II. PARTIES

5. Defendants admit that Plaintiff has a judicial certificate of citizenship under the name Qarwash Mohsn Awad, but lack sufficient knowledge to admit or deny whether he is a resident of Chicago, Illinois. Defendants lack sufficient knowledge to admit or deny the allegations contained in the second and third sentences of paragraph 5. Defendants admit that in 2000, Plaintiff was admitted to the United States, but deny Plaintiff's characterization of the admission as "duly." Defendants deny that Plaintiff was naturalized, but admit to the remaining allegations contained in the sixth sentence of Paragraph 5. The final sentence in paragraph 5 does not contain an averment and therefore does not require a response; to the extent a response is deemed necessary, Defendants admit that Plaintiff states his own Alien Number.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7, except for the fact that Michele T. Bond holds her position in an "acting" capacity. She does not: he title is Assistant Secretary for Consular Affairs for the U.S. Department of State.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants admit the allegations contained in paragraph 9.

10. Paragraph 10 contains a characterization of the lawsuit that does not require an answer. To the extent that a response is deemed necessary, Defendants admit.

## II. JURISDICTION[1]

11. Paragraph 11 contains assertions of jurisdiction, which do not require a response. To the extent a response is deemed necessary, Defendants admit.

---

[1] This is the second heading Plaintiff labeled as "II" in his amended complaint. Defendants will follow Plaintiff's formatting.

### III. VENUE

12. Paragraph 12 contains assertions of venue, which do not require a response. To the extent a response is deemed necessary, Defendants deny that a Port Director of a subdivision of a U.S. agency is a defendant in this case; lack sufficient knowledge to admit or deny whether Plaintiff resides in the Northern District of Illinois; and admit the remainder of the allegations contained in the paragraph.

### IV. STATUTORY AND REGULATORY FRAMEWORK FOR REVOCATION OF U.S. PASSPORTS

13. Paragraph 13 contains legal conclusions that do not require a response.

14. Defendants admit the first sentence of paragraph 14, but note that the correct legal citation is 22 U.S.C. § 211a, not 8 U.S.C. § 211(a) as Plaintiff avers.

15. Defendants admit the allegations contained in paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17, and note that any language contained in the Code of Federal Regulations and the Foreign Affairs Manual speaks for itself.

18. Defendants admit the allegations contained in paragraph 18.

### V. LACK OF ADEQUATE PROCEDURES WHEN PASSPORT DENIED OR REVOKED BASED ON FRAUD RELATING TO PLAINTIFF'S IDENTITY

19. Paragraph 19 contains legal arguments, to which no response is required; to the extent that a response is required, Defendants deny. Defendants note that because Plaintiff did not request or receive a hearing following his passport revocation, he lacks standing to challenge hearing procedures.

20. Defendants admit the first and eight sentences. The remainder of Paragraph 20 contains only legal arguments, to which no response is required; to the extent that a response is required, Defendants deny. Defendants note that because Plaintiff did not request or receive a hearing following his passport revocation, he lacks standing to challenge hearing procedures.

## LEGAL CONTEXT FOR CHALLENGES TO U.S. CITIZENSHIP[2]

21. Paragraph 21 contains only legal conclusions, which require no response. To the extent a response is deemed necessary, Defendants deny.

22. Paragraph 22 contains only legal arguments, which require no response. To the extent a response is deemed necessary, Defendants deny.

23. Paragraph 23 contains only legal conclusions, which require no response. To the extent a response is deemed necessary, Defendants deny.

24. Paragraph 24 contains citations to alleged portions of the Foreign Affairs Manual, which speak for themselves. Defendants deny the characterizations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

## VI. ILLEGAL POLICY AGAINST YEMENI AMERICANS

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

---

[2] This heading is not numbered in Plaintiff's complaint.

33. Defendants deny the allegations contained in paragraph 33.

## VII.   FACTS

### A.  THE AWAD FAMILY

34. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the first sentence of paragraph 34; to the extent an answer is deemed necessary, Defendants deny.  Defendants deny the allegations contained in the second sentence of paragraph 34.

35. Defendants lack sufficient knowledge or information to admit or deny the allegations contained paragraph 35.  To the extent an answer is deemed necessary, Defendants deny.

36. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in paragraph 36.  To the extent an answer is deemed necessary, Defendants deny.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 38.

39. Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 39.  To the extent an answer is deemed necessary, Defendants deny.

40. Defendants deny the allegations contained in the first sentence of paragraph 40 and admit those contained in the second sentence.

### B.  INTERROGATION OF MR. AWAD'S SISTER, ZUHOR MOHSN SALEH AWAD AT THE U.S. EMBASSY IN SANA'A

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants deny the allegations contained in paragraph 46.

### C. DETENTION AND QUESTIONING OF MR. AWAD AT O'HARE INTERNATIONAL AIRPORT AND REVOCATION OF MR. AWAD'S U.S. PASSPORT BASED ON HEARSAY STATEMENT THAT WAS OBTAINED THROUGH COERCION

47. Defendants lack sufficient knowledge or information necessary to admit or deny the allegations contained in paragraph 47. To the extent an answer is deemed necessary, Defendants deny.

48. Defendants lack sufficient knowledge or information necessary to admit or deny the allegations contained the first and second sentences of paragraph 48; to the extent an answer is deemed necessary, Defendants deny. Defendants admit the allegations contained in the third sentence, except the fact that a letter was sent via "regular" U.S. mail.

49. Defendants lack sufficient knowledge or information necessary to admit or deny the allegations contained in paragraph 49. To the extent an answer is deemed necessary, Defendants deny.

50. On May 11, 2015, the State Department revoked Plaintiff's passport for making a false statement of material fact, pursuant to 22 C.F.R. § 51.62(a)(2). Defendants deny paragraph 50's remaining allegations.

51. Defendants admit that the U.S. Embassy in Sana'a, Yemen, suspended its operations and relocated American staff out of Yemen on February 11, 2015 due to the deteriorating security situation. Defendants also admit that the U.S. Embassy in Sana'a is not currently adjudicating visa applications. Defendants deny the remaining allegations in paragraph 51.

52. Defendants admit that they revoked Plaintiff's passport, but lack sufficient knowledge or information to admit or deny Paragraph 52's remaining allegations. To the extent a response is deemed necessary, Defendants deny.

## VIII. THE CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**DEFENDANTS' INTERPRETATION AND APPLICATION OF 8 U.S.C. § 1504 AND 22 C.F.R. 51.62 IS UNCONSTITUTIONAL AND EXCEEDS STATUTORY AUTHORITY (APA, 5 U.S.C. §§ 702, 706(2))**

53. Paragraph 53 incorporates earlier paragraphs and does not require a response.

54. Paragraph 54 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 54.

55. Paragraph 55 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 55.

56. Paragraph 56 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 56.

57. Paragraph 57 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 57.

58. Paragraph 58 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 58.

59. Paragraph 59 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 59.

60. Paragraph 60 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 60.

61. Paragraph 61 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 61.

62. [The paragraph labeled 62 comes later in Plaintiff's complaint.]

## SECOND CAUSE OF ACTION

### FAILURE TO APPLY "CLEAR AND CONVINCING EVIDENCE" STANDARD OF PROOF PRIOR TO REVOCATION

(APA, 5 U.S.C. §§ 702, 706(2))

63. Plaintiff incorporates earlier paragraphs, which does not require a response.

64. Paragraph 64 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 64.

65. Paragraph 65 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 65.

66. Paragraph 66 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 66.

67. Paragraph 67 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in paragraph 67.

62. [Plaintiff's complaint contains an additional paragraph 67.] The second paragraph 62 contains legal arguments to which no response is required; to the extent a response is required, Defendants deny each allegation contained in the second paragraph 62.

63. [Plaintiff's complaint contains an additional paragraph 63.] The second paragraph 63 contains legal arguments to which no response is required; to the extent a response is required, Defendants deny each allegation contained in the second paragraph 63.

**THIRD CAUSE OF ACTION**

**DEFENDANTS' PRACTICE OF REVOKING YEMENI-AMERICANS' U.S. PASSPORTS**

(APA, 5 U.S.C. §§ 702, 706(2))

64. [Plaintiff's complaint contains an additional paragraph 64.] Plaintiff incorporates earlier paragraphs, which does not require a response.

65. [Plaintiff's complaint contains an additional paragraph 65.] The second paragraph 65 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in the second paragraph 65.

66. [Plaintiff's complaint contains an additional paragraph 66.] The second paragraph 66 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in the second paragraph 66.

67. [Plaintiff's complaint contains an additional paragraph 67.] The second paragraph 67 consists of legal arguments and conclusions to which no response is required; to the extent that a response is required, Defendants deny each allegation contained in the second paragraph 67.

## IX. PRAYER FOR RELIEF

The remainder of Plaintiff's complaint contains his prayer for relief, which requires no response. Defendants note that Plaintiff is entitled to no relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. Defendants' revocation of Plaintiff's passport was not arbitrary, capricious, or in violation of law.
2. Plaintiff is ineligible for the relief he seeks under any asserted statute, regulation, or constitutional amendment.
3. Plaintiff lacks the requisite standing to challenge the hearing process in passport revocation cases.
4. Plaintiff waived his right to a hearing after his passport was revoked.
5. Plaintiff obtained his passport illegally.
6. Plaintiff obtained his passport through fraud.
7. Defendants deny any of Plaintiff's assertions to which they did not respond in this answer.

//
//
//

Dated: November 9, 2015

BENJAMIN C. MIZER
Principal Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

WILLIAM C. SILVIS
Assistant Director

s/ Stacey I. Young
STACEY I. YOUNG
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 2004
Phone: (202) 305-7171
Facsimile: (202) 305-7000
Email: stacey.young@usdoj.gov

Attorneys for Defendants