UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QARWASH MOHSN AWAD, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| V. | ) Case No.: 1:15-cv-06146<br>) |
| John Kerry, et al. | ) Honorable Gary Feinerman<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Plaintiff, by and through his attorney, June J. Htun, hereby responds to the Defendants' Statement of Undisputed Material Facts Under Local Rule 56.1(3)(A) in opposition to Defendants' Motion for Summary Judgment:

1. Defendants, John F. Kerry, Secretary of State, et al., move for summary judgment under Federal Rule of Civil Procedure 56.

**RESPONSE: Admitted**

2. Defendants concede that subject matter jurisdiction exists under 28 U.S.C. § 1331, and that Plaintiff is entitled to review under 5 U.S.C. § 702, et seq., because this case involves a challenge to a final agency action.

**RESPONSE: Admitted**

3. Defendants concede that venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(e)(1)(c).

1

**RESPONSE: Admitted**

4. Plaintiff was born in Yemen. (ECF No. 15, Plaintiff's Amended Complaint ("Am. Compl.") at ¶¶ 5, 34.).

**RESPONSE: Admitted**

5. On May 31, 2011, the Department of State issued a passport to Plaintiff in the name "Qarwash Mohsn Awad." (Certified Administrative Record ("CAR") at 15.).

**RESPONSE: Admitted**

6. In Box 1 of Plaintiff's renewal application for his 2011 passport, he listed his name as Qarwash Mohsn Awad. (CAR at 6.) Plaintiff left Box 9, asking him to "List all other names you have used," blank. (Id.)

**RESPONSE: Admitted**

7. In Box 19 of the same application, Plaintiff listed Mohsn Saleh as his father. (CAR at 5.)

**RESPONSE: Admitted**

8. As part of the same application, Plaintiff submitted his 2002 United States passport that listed his name as "Qarwash Mohsn Awad" as evidence establishing his identity and United States citizenship. (CAR at 14.) In Box 14 of Plaintiff's 2002 passport application, he listed his father as "Mohsn Awad." (CAR at 14.)

**RESPONSE: Admitted**

9. Plaintiff's father, through whom Plaintiff derived United States citizenship, naturalized as a citizen in 1991 under the name "Mohsen Saleh Awad." (CAR at 9, 10, 14, 15.)

**RESPONSE: Admitted**

10. Plaintiff entered the United States as a Permanent Resident on October 2, 2000 as the child of a United States citizen, his father. (CAR at 11.)

**RESPONSE: Admitted**

11. On May 31, 2011, the State Department issued Plaintiff United States passport number 483026587 and United States passport card number C04893557. (CAR at 15.)

**RESPONSE: Admitted**

12. On November 10, 2006, Plaintiff's father filed an I-130, Petition for Alien Relative on behalf of his daughter and Plaintiff's sister, Zuhour Attaf Saleh Kurwash, a/k/a Zuhour Attaf Saleh Awad. (CAR at 10.)

**RESPONSE: Denied that, "…Plaintiff's father filed an I-130, Petition for Alien Relative on behalf of his daughter and Plaintiff's sister Zuhour Attaf Saleh Kurwash, a/k/a Zuhour Attaf Saleh Awad" but admit that Plaintiff's father filed an I-130, Petition for Alien Relative on behalf of his daughter and Plaintiff's sister Zuhour Mohsen Saleh Awad.**

13. On August 6, 2012, the I-130 was referred to the United States Embassy in Sana'a, Yemen, to its Regional Security Office-Investigator Office within the State Department's Diplomatic Security Service for investigation. (CAR at 10.)

**RESPONSE: Plaintiff lacks sufficient knowledge to admit or deny the statement set forth in paragraph 13. The evidence of Record does not establish who referred Plaintiff's father's visa petition filed on behalf of Plaintiff's sister for investigation on August 6, 2012. Furthermore, the Report of Investigation**

3

> submitted by Defendants at CAR 9-13 contains numerous assertions of fact
> which are not established by any evidence or summary of evidence.

14. On September 8, 2012, Diplomatic Security Special Agent David Howell ("SA Howell") interviewed Plaintiff's sister at the United States Embassy in Sana'a, Yemen. (CAR at 7, 10, 15.) Criminal Fraud Investigator Mohammed Al-Wazizah was also present during the interview and provided translation in Arabic and English. (CAR at 10.)

**RESPONSE:** **Denied - There is no evidence of Record that "SA Howell" interviewed Plaintiff's sister, the only document is an alleged statement. The evidence of Record does not establish that Criminal Fraud Investigator Mohammed Al-Wazizah provided translation in Arabic and English. To the contrary, the evidence presented at CAR 7-8 indicates only that someone whose signature appears as "Mohammed" or "Mahammed" acted as a witness. There is no evidence of any kind that this individual translated the statement or the interview into Arabic or that he is fluent in both languages.**

15. During the interview, Plaintiff's sister signed a voluntary sworn statement in which she admitted that Plaintiff's father's true identity is Attaf Saleh Kurwash, and that he immigrated to the United States under the assumed name "Mohsen Saleh Awad." (CAR at 7, 10, 15.)

**RESPONSE** **Denied –Plaintiff denies that there was an actual interview and denies that his sister signed a voluntary statement on 9/8/2012. The sworn statement includes language noting, "This document was read to me in Arabic and I understood its contents completely." (CAR at 7.) Furthermore, Plaintiff's**

4

**sister's signature is not a signature of her alleged name. The signatures on both pages of the statement are only signed as "Zuhour."**

16. The sworn statement includes a statement that it was made of the individual's "own free will and accord without any promise of reward and without threats, force or coercion used against me." (CAR at 8.)

**RESPONSE: Admitted – However Plaintiff asserts that his sister is not fluent in English and therefore lacked competence to attest in English she understood the contents of the statement completely.**

17. The sworn statement includes a statement that it was made of the individual's "own free will and accord without any promise of reward and without threats, force or coercion used against me." (CAR at 8.)

**RESPONSE: Admitted – However Plaintiff asserts that in fact the statement was not given in the absence of threats, force or coercion. In fact it is the very opposite, such tactics were employed in obtaining this statement.**

18. Mohammed Al-Wazizah, an Arabic translator employed by the Department, signed the witness line on the sworn statement, as did SA Howell. (CAR at 8.) Each page of the statement contains Zuhour Attaf Saleh Kurwash's thumbprint, and she signed the final page in Arabic. (CAR at 7-8.)

**RESPONSE: Denied – The evidence of record does not establish whose signature appears as a witness to the 9/8/2012 statement. Plaintiff's sister only signed each page of the statement as "Zuhour" and nothing else. She did not sign anywhere in the documents as "Zuhour Attaf Saleh Kurwash." In fact the evidence of**

> **Record does not establish that the name Mohammed Al-Wazizah appears anywhere in the 9/8/2012 statement. To the contrary, the evidence presented at CAR 7-8 indicates only that someone whose signature appears as "Mohammed" or "Mahammed" acted as a witness. There is no evidence of any kind that this individual translated the statement or the interview into Arabic or that he is fluent in both languages.**

19. On January 20, 2015, the Chicago Passport Agency sent the Office of Legal Affairs, Passport Services a request to revoke Plaintiff's 2011 United States passport book and card. (CAR at 2.)

**RESPONSE: Plaintiff lacks sufficient knowledge to admit or deny the statement set forth in paragraph 19.**

20. Upon review of the evidence and in accordance with its determination that Plaintiff made false statements of material fact in his passport application, on May 11, 2015, the Department of State revoked Plaintiff's 2011 United States passport and passport card number pursuant the provisions of 22 C.F.R. § 51.62(a)(2) for making false statement of material fact on his passport application. (CAR at 15-16.) The State Department sent a letter notifying Plaintiff of the revocation by certified mail. (Id.)

**RESPONSE: Paragraph 20 contains a summary of the Defendant's alleged actions and unsubstantiated allegations to which no response is required; to the extent that a response is required, Plaintiff denies that the State Department sent a letter notifying Plaintiff of the revocation by certified mail. Moreover, The Report of Investigation submitted by Defendants at CAR 9-13 contains numerous assertions of fact which are not established by any evidence or summary of evidence.**

21. The revocation letter contained language notifying Plaintiff of his right to an administrative hearing, along with citations to the applicable regulations concerning passport revocation hearings.  (CAR at 15-16.)

**RESPONSE: Admitted that the revocation letter contained such language but denied that Plaintiff received the citations to the applicable regualtions concerning passport revocation hearings.**

22. Plaintiff never requested or received an administrative hearing to challenge the basis for the State Department's passport revocation action.

**RESPONSE: Denied. Plaintiff made numerous attempts via telephone to discuss the administrative hearing process.  On June 16, 2015, Plaintiff's counsel communicated with Ms. Stephanie E. Sharer, Attorney Advisor from the Department of State via email inquiring about the time frame to receive the hearing decision to which Ms. Sharere responded, "I cannot speak to how long the hearing decision will take as the hearing officers change frequently and come from different offices within the Department."**

Filed: April 22, 2016

        Respectfully Submitted,

        /S/June J. Htun
        June J. Htun, Esquire
        Attorney for Petitioner,
        3236 North Elston Avenue, Suite G
        Chicago, Illinois 60618
        P: 773-362-5000
        F: 773-362-5005
        jjhtun@gmail.com