**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

QARWASH MOHSN AWAD,

        Plaintiff,

      vs.                                 Civil No. 15-cv-06146

JOHN F. KERRY, Secretary of the           Honorable Gary Feinerman
United States Department of State, *et al.*,

        Defendants.

**DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S EXHIBITS AND
UNOPPOSED REQUEST TO STAY BRIEFING UNTIL THIS COURT RULES**

        Defendants, by and through their attorney, Stacey I. Young, Senior Litigation Counsel,

Office of Immigration Litigation, District Court Section, move to strike the exhibits outside of

the administrative record that Plaintiff filed with his opposition to Defendants' motion for

summary judgment (ECF Nos. 38-41) ("Pl.'s Opp.").  Defendants so move because evidence that

is outside of the administrative record is inappropriate in cases—like this one—that are brought

under the Administrative Procedure Act.  Defendants also ask this Court to stay the remaining

summary judgment-related briefing deadlines until it rules on the motion to strike.

        Opposing counsel indicated to undersigned counsel that she opposes Defendants' motion

to strike but does not oppose Defendants' request to stay the briefing schedule.

I.      **BACKGROUND**

  A. **Factual Background**

        On October 5, 2015, Plaintiff Qarwash Mohsn Awad ("Mr. Awad") filed an amended

complaint seeking judicial review of the Department of State's revocation of his United States

passport.  (ECF No. 15.)  In that complaint, Mr. Awad characterized his lawsuit as "a civil action

arising under the Constitution and laws of the United States; 5 U.S.C. § 702 et seq." (*Id*. at ¶

11.)  Likewise, in his opposition to Defendants' summary judgment motion, Mr. Awad stated

that he "seeks relief under the APA . . . ."  (Pl's. Opp. at 1.)

Consistent with the nature of this lawsuit, Defendants filed a certified administrative

record, under seal, on December 17, 2015.  (ECF No. 22.)  In fact, Mr. Awad joined Defendants

in moving this Court to allow Defendants to file the administrative record under seal.  (ECF No.

19.)  Yet, when Mr. Awad filed his opposition to Defendants' summary judgment motion, he

included 22 exhibits, 21 of which are not part of the administrative record.[1]  (ECF No. 41.)  Mr.

Awad did not receive permission from the Court to file extra-record evidence and did not inform

Defendants that he planned to do so.

Currently, Defendants' deadline to respond to Mr. Awad's cross-motion for summary

judgment (which he did not file) and reply to his opposition to Defendants' summary judgment

motion (which he did) is set for May 13, 2016.  Plaintiff's deadline to reply to Defendants'

response is set for May 27, 2016.

### B.  Legal Background

Under the Administrative Procedure Act ("APA"), review is limited to the administrative

record.  5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Little Co. of Mary Hosp. v.

Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009).  The "agency determines what constitutes the

'whole' administrative record because [i]t is the agency that did the considering, and that

therefore is in a position to indicate initially which of the materials were before it—namely, were

directly or indirectly considered."  *Pacific Shores Subdivision, Cal. Water Dist. v. U.S. Army

Corps of Eng'rs*, 448 F.Supp.2d 1, 5 (D.D.C. 2006) (internal quotations omitted).  Indeed,

"absent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity,

---

[1] Exhibit S contains the redacted administrative record in its entirety.  (ECF No. 41.)
Since Mr. Awad's filing, this Court has sealed that exhibit in accordance with its grant of the
parties' motion to seal it.  (ECF No. 21.)

that it properly designated the administrative record." *Id.* Confining the district court to the record compiled by the administrative agency rests on practical considerations that deserve respect: "administrative agencies deal with technical questions, and it is imprudent for the generalist judges of the federal district courts and courts of appeals to consider testimonial and documentary evidence bearing on those questions unless the evidence has first been presented to and considered by the agency." *Cronin v. U.S. Dept. of Agriculture*, 919 F.2d 439, 444 (7th Cir. 1990).

Even though looking to evidence outside the administrative record "is rarely proper in the judicial review of administrative action," exceptions do exist. *USA Group Loan Servs.*, *Inc. v. Riley*, 82 F.3d 708, 715 (7th Cir. 1996). An APA claim may go beyond the administrative record when it is clear that the agency engaged in improper behavior or acted in bad faith, *Bethlehem Steel Corp.* v. U.S. EPA, 638 F.2d 994, 1000 (7th Cir. 1980), the record is incomplete, *Texas Steel Co. v. Donovan*, 93 F.R.D. 619, 621 (N.D. Tex. 1982), judicial review is frustrated because the record fails to explain the agency's action, *Camp*, 411 U.S. at 142–43, or the agency fails to consider all relevant factors. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). To overcome the presumption of regularity accorded to an agency, the plaintiff must make a "strong showing" that one of these exceptions applies. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *see also Sokaogon Chippewa Cmty.*, 929 F.Supp. 1165, 1178 (W.D.Wis. 1996) ("a court must scrutinize each matter carefully and individually while holding plaintiffs to their significant evidentiary burden" of demonstrating that an extra-record inquiry is warranted).

## II.      DISCUSSION

Before he filed his opposition to Defendants' summary judgment motion along with a considerable amount of extrinsic evidence, Mr. Awad made *no* assertion at any time that the administrative record—a well-developed and exhaustive collection of documents upon which the State Department relied during its decision-making process—was in any way inadequate. Instead of making a "strong showing" that an exception to the administrative record rule is necessary, *Overton Park*, 401 U.S. at 420, Mr. Awad—without consulting Defendants and without this Court's permission—filed 21 extra-record exhibits and relied on them heavily (while, incidentally, largely ignoring the actual administrative record).  (ECF Nos. 38-41.) Because Mr. Awad has not made the requisite "strong showing" that an extra-record inquiry is warranted, Defendants respectfully ask this Court to strike every exhibit containing evidence outside the administrative record.

## III.     CONCLUSION

Defendants move this Court to strike the exhibits Mr. Awad filed with his response to Defendants' summary judgment motion, ECF No. 41.  Because any consideration of extra-record evidence would be inappropriate, and because the Court's ruling on the request to strike the exhibits will impact how Defendants respond to Plaintiff's opposition, Defendants also ask this Court to stay the remaining summary judgment-related briefing deadlines until it rules on this motion.

//

//

//

//

//

Dated:  April 27, 2016                 BENJAMIN C. MIZER
Principal Acting Assistant Attorney General

WILLIAM C. SILVIS
Assistant Director
Office of Immigration Litigation
District Court Section

s/ Stacey I. Young
STACEY I. YOUNG
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 2004
Phone:  (202) 305-7171
Facsimile:  (202) 305-7000
Email: stacey.young@usdoj.gov

*Attorneys for Defendants*