IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QARWASH MOHSN AWAD, | |
| Plaintiff, | |
| v. | Civil No. 15-cv-06146 |
| JOHN F. KERRY, Secretary of the United States Department of State, *et al.*, | Honorable Gary Feinerman |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF SUMMARY JUDGMENT**

Throughout his Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 38, "Opp." or "Opposition"), Plaintiff alleges that his sister's sworn, written statement—which, in part, formed the basis for the State Department's passport revocation action under 8 U.S.C. § 1504(a), 8 C.F.R. § 51.62(a)(2)—was obtained through coercion. (Opp. at 5-6; 9-12; 14-16.) Yet, nothing in the administrative record supports his claim.

As the government has explained (ECF No. 24), Plaintiff's sister was interviewed by a State Department agent at the United States embassy in Sana'a, Yemen, on September 8, 2012. (Certified Administrative Record ("CAR") at 7, 10, 15.) During that interview, Plaintiff's sister signed a voluntary sworn statement in which she admitted, *inter alia*, that Plaintiff's father's true identity is Attaf Saleh Kurwash, and that he immigrated to the United States under the assumed name, "Mohsen Saleh Awad." (*Id*. at 7, 10, 15.)[1] Plaintiff identified his father as "Mohsen Saleh Awad" in his 2011 passport application (*id*. at 5), and as "Mohsn Awad" in his 2002

---

[1] The statement includes language noting, "This document was read to me in Arabic and I understood its contents completely." (CAR at 7.) It also states that it was made of the individual's "own free will and accord without any promise of reward and without threats, force or coercion used against me." (*Id*. at 8). Plaintiff's sister signed the final page in Arabic. (*Id*.)

application (*id*. at 14). After an independent investigation, the State Department also concluded that Plaintiff's name is Qarwash Attaf Saleh Kurwash, not Qarwash Mohsn Awad—the only name he used to identify himself in both passport applications.[2] (*Id*. at 4, 9, 10, 11, 14.) Because of Plaintiff's false statements, the agency revoked his passport pursuant to 8 C.F.R. § 51.62.

Had Plaintiff wished to demonstrate that his sister "was subject to threats and coercion" (Opp. at 11) when she revealed Plaintiff's father's fraud, he had a legally-prescribed opportunity to do so. Plaintiff was invited (CAR at 16) to "testify, offer evidence in his [] own behalf, present witnesses, and make arguments" at an administrative hearing before the agency, during which he could have raised any due process claims. 22 C.F.R. § 51.71(a). In fact, Plaintiff's sister could have offered an affidavit describing the interview if she was not able to testify in person. 22 C.F.R. § 51.71(e). Any evidence, testimony, or legal arguments would have become part of the administrative record and subject to review in this action. *See* 5 U.S.C. § 706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009). Although the State Department advised Plaintiff that he had "a right to a hearing under Sections 51.70 through 51.74 of Title 22 of the U.S. Code of Federal Regulations" and that he needed to notify the agency "within 60 days of receipt of this notice," he never did.[3] (CAR at

---

[2] In its May 11, 2015 letter to Plaintiff explaining the revocation action, the Department erroneously stated Plaintiff's sister had "provided a written, sworn statement that your true identity is Qarwash Attaf Saleh Kurwash." (CAR at 15.) In fact, Plaintiff's sister did not specifically reference Plaintiff, but rather admitted that Plaintiff's father had immigrated to the United States under a false identity. (*Id*. at 7.) The letter's misattribution of Plaintiff's true identity to his sister's statement—which Plaintiff has not raised—in no way undercuts the substantial record evidence supporting the Department's conclusion that Plaintiff made a "false statement of fact in [his] passport application" concerning his identity that subjected him to revocation. (*Id*. at 15.)

[3] Despite Plaintiff's suggestions to the contrary (Opp. at 12-13), the government agrees that (1) this Court may review his claims under the Administrative Procedure Act ("APA") (ECF No. 17 at ¶ 11; ECF No. 25 at 1), and (2) Plaintiff did not need to request an administrative hearing or otherwise exhaust his administrative remedies before receiving judicial review.

16.) (*Id.*) As a result, Plaintiff cannot now—through bald assertions and references to documents outside of the administrative record—show that his sister's statement was anything other than what the record evinces: coherent, signed and sworn, and provided voluntarily at a United States embassy with two Department officials present. (CAR at 7-8.)

Plaintiff fails to bolster his due process claims by pointing to allegations that the State Department applies an "anti-Yemeni" standard. (Opp. at 14-15.) The State Department emphatically denies that it discriminates on the basis of national origin, and the administrative record contains no evidence to suggest that any such discrimination occurred here. Plaintiff points to no record evidence indicating otherwise. None of the newspaper or law review articles Plaintiff attaches as exhibits to his Opposition concern the facts at issue in *this case*; therefore, they should be discounted for purposes of determining the discrete issue before this Court: whether the agency's revocation of Plaintiff's passport is supported by substantial evidence. *See Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 853 (7th Cir. 2009) ("The APA requires that an agency's decision be set aside only if it is . . . unsupported by substantial evidence in the case.") (citing *Edgewater v. Bowen*, 857 F.2d 1123, 1129 (7th Cir. 1989)).

Plaintiff also asserts that the passport revocation was "incorrect as a matter of law" because he applied for a passport using the same name that appears on his certificate of citizenship: Qarwash Mohsen Awad. (Opp. at 8-9.) Notably, Plaintiff provides no authority for the unlikely assertion that fraudulently obtaining a certificate of citizenship transmutes the false name on that certificate into his "true legal name and identity."[4] (Opp. at 9.) Even if "Qarwash

---

[4] Plaintiff's citation to 22 C.F.R. § 51.25 does not support his assertion. Section 51.25 prescribes the name to be printed in the passport, but only where the applicant has satisfied his burden of establishing his identity. *See* 22 C.F.R. § 51.23. It does not require, or permit, issuance of a passport, in any name, where the applicant has provided false information on his application. *See* 22 C.F.R. § 51.20(b).

3

Mosen Awad" were Plaintiff's "true legal name," Plaintiff provided false responses to two additional questions on his passport application: listing his father's name as "Mohsn Saleh" rather than Attaf Saleh Kurwash, and failing to list "Qarwash Attaf Saleh Kurwash" in the space for "all other names you have used." (CAR at 4, 6, 14, 15.) An individual who applies for a passport is required to submit an application containing a "true recital of each and every matter of fact" that is required by the Department's regulations "before a passport [may be] issued" to him. 22 U.S.C. § 213; *see also* 22 C.F.R. § 51.20(b). The applicant must sign the application under oath attesting to the fact that the information contained therein is true. Providing false statements in one's passport application not only makes the passport subject to revocation (*see* 22 C.F.R. § 51.62; 8 U.S.C. § 1504(a)), but also makes the applicant subject to possible criminal prosecution for passport fraud. 22 C.F.R. § 51.20(b); *see, e.g.*, 18 U.S.C. § 1542. Thus, beyond his use of a false name to obtain his passport, Plaintiff's additional false statements support the Department's revocation action.

  Even though Plaintiff chose not to avail himself of the hearing process and this Court is limited to the current administrative record, Plaintiff is not without opportunity to present any fresh evidence of his choosing to the State Department in a new passport application. *See* 22 U.S.C. § 213; 22 C.F.R. § 51.20(b) ("All information and evidence submitted in connection with a[] [passport] application is considered part of the application."). If the State Department denies that application, then Plaintiff is free to challenge the denial in an APA case, and the new evidence would become part of the administrative record. 5 U.S.C. § 706. As it stands, under the highly deferential standard of review under the APA, this Court should find that State Department's revocation action—based on its own investigation and Plaintiff's sister's sworn,

4

written statement—was neither arbitrary nor capricious.[5] *See Ogbolumani v. Napolitano*, 557 F.3d 729, 733 (7th Cir. 2009) (It is "not enough that [the court] might have reached a different conclusion; so long as a reasonable mind could find adequate support for the decision, it must stand.").

Accordingly, this Court should grant summary judgment in Defendants' favor.

Dated: August 29, 2016

BENJAMIN C. MIZER
Principal Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

COLIN A. KISOR
Deputy Director

s/ *Stacey I. Young*
STACEY I. YOUNG
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 2004
Phone: (202) 305-7171
Facsimile: (202) 305-7000
Email: stacey.young@usdoj.gov

*Attorneys for Defendants*

---

[5] Plaintiff's argument that the State Department violated his due process rights by applying the "preponderance of the evidence" standard instead of the "clear and convincing" standard is unavailing. (Opp. 17-20.) To avoid repetition, the government refers to its motion for summary judgment (ECF No. 25 at 8-13) for its explanation why the "preponderance of the evidence" standard is appropriate in passport revocation cases.

5